## SAUNDERS et al. v. ALLEN.

(Circuit Court, S. D. New York. November 29, 1892.)

1. PATENTS FOR INVENTIONS—INVENTION—PIPE CUTTERS.

Claim 2 of reissued letters patent No. 10,121, issued January 31, 1882, to Andrew Saunders, for a pipe cutter, consisting of a stock, rotary cutters, antifriction rollers, arm, and feeding screw, is void for want of invention; for rotary cutters were well-known substitutes for knife cutters, and every element in the combination had theretofore been patented in the same place, as is shown by the following patents: No. 52,715, to William S. Haworth, January 20, 1866; No. 65,066, to Theodore S. Foster, May 28, 1867; No. 67,530, to Henry Getty, August 6, 1867.

2. SAME—ANTICIPATION—PLEADING.

In a suit for infringement, the defense of anticipation is not sufficiently set out by an answer which merely avers that the invention had been fully described and publicly made known in several patents, among them those of two persons named, stating the names and dates, without directly averring that the invention had been before patented; for an invention might be publicly made known by a patent, and not be patented.

3. SAME—WAIVER.

But where, under such an answer, the patents referred to by it have been received in evidence without objection, and without subsequent motion to suppress, the right to object thereto is waived.

In Equity. Suit by Alexander Saunders and others against James P. Allen for infringement of a patent. Bill dismissed.

James A. Whitney, for plaintiffs.
Sherman H. Hubbard, for defendant.

WHEELER, District Judge. This suit is brought upon patent No. 10,121, dated January 31, 1882, for a pipe cutter, consisting of a stock with a jaw at one end, carrying two antifriction rollers to hold the pipe against a rotary cutter in an arm pivoted to the stock, and forced into, as it is moved around, the pipe, by a screw through the stock lengthwise, working against the arm. The second claim alleged to be infringed is for a combination of the stock, cutter, rollers,

arm, and feeding screw. Such pipe cutters were well known before this patent. A patent for one like this, except that it had two rotary cutters in place of the antifriction rollers, and the other cutter was held in a frame in the stock, instead of a pivoted arm, against which the screw worked, was granted February 20, 1866, to William S. Howarth, and numbered 52,715; another, for one like this, except that the pivoted arm was a cutting knife, was granted to Theodore S. Foster, dated May 28, 1867, and numbered 65,066; and another, for one like this, except that the cutter was in the jaw, and angular, to cut in two places, and the antifriction rollers were in a frame in the stock against which the screw worked, was granted August 6, 1867, to Henry Getty, and numbered 67,530. Thus rotary cutters were well-known substitutes for knife cutters; and every element in the combination of this claim had been patented in the same place, for the same purpose, as in this patent. The inventor merely substituted the rotary cutter for the cutting edge of the pivoted arm of Foster, or for the angular cutter of Getty, and changed the place of the latter with the rollers, which did not vary the operation of either, nor the result of all. Whether a rotary cutter would be better than a knife cutter would be a question of judgment, and any good workman could change one for the other. Such substitution would not seem to amount to a patentable invention. Clothing Co. v. Glover, 141 U. S. 560, 12 Sup. Ct. Rep. 79; Ryan v. Hard, 145 U. S. 241, 12 Sup. Ct. Rep. 919. The tool of the plaintiffs' patent would probably have infringed Foster's or Getty's patent.

The answer does not set forth that this invention was patented to Foster or Getty, or any one, but only that it was fully described and publicly made known in several patents, and among them those of Foster and Getty; and their names and the dates were stated. The statutory defense required to be set forth is that the invention had been before patented, giving the name and date. It might be described and publicly made known by a patent, and not be patented; and this part of the answer does not appear to set out sufficiently this defense. But the patents were received in evidence without objection, and no motion has been made to suppress them. They are in the case, to be considered. All that is required to be given by the statute to make them admissible is stated in the answer, except their effect in patenting the invention. The right to object to consideration of them according to their legal effect seems to be well waived.

Let a decree dismissing the bill be entered.